REQUESTED BY: Senator Steve Fowler Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Fowler:
You have called our attention to LB 220, which would authorize any first or second class city or village having a volunteer fire department or rescue squad to establish an annuity plan for the personnel of such squads. You ask whether enabling legislation is needed to permit a municipality to purchase such annuities. We conclude that it is.
We point out that enabling legislation has been adopted to authorize retirement systems for various types of state employees, for school employees, and for county employees. Neb.Rev.Stat. § 19-3501 (Reissue 1977) authorizes cities of the first and second class and villages to establish pension plans for the benefit of regularly employed or appointed full-time employees of the city. That section further provides that the employee shall contribute an amount at least equal to the city's contribution.
The statutory authorization for the establishment of a retirement system which would exclude volunteer firemen, who are not `full-time employees,' or, as we understand it, even part-time employees, would, we believe, manifest an intent on the part of the Legislature not to authorize a retirement system for them. Since the Legislature has authorized so many different retirement systems, we believe the authority to establish such a system should not be implied, in the absence of specific statutory authority.
You also ask whether fire protection districts and municipalities may authorize other benefits or reimbursements for services, such as paying a fixed dollar amount to each volunteer for each call to which he responds, as reimbursement for expenses such as gasoline, loss of work time, etc. We conclude that such payments can be made.
Neb.Rev.Stat. § 17-718 authorizes the city council in cities and villages having only voluntary fire departments or companies to levy a tax for the maintenance and benefit of such fire departments or companies. It appears to us that the payments you describe could be considered to be ordinary expenses of the voluntary fire department or company. We find nothing which limits payment of the proceeds of the tax to purchase of physical equipment or supplies. In the absence of such limitation, we believe the expenditures you describe would not be prohibited.
You also ask about payments for insurance premiums for loss of income in the case of disability while serving as a volunteer. We find nothing specific on this matter either with respect to cities or villages or rural and suburban fire protection districts organized pursuant to Neb.Rev.Stat. § 35-501, et seq. (Reissue 1978). However, we do note that Neb.Rev.Stat. § 44-742 (Reissue 1978) does speak of blanket sickness and accident insurance covering all the members of any volunteer fire department, first aid, or other such volunteer group. If such groups were not authorized to have such coverage, it would appear that 44-742
would not have referred to such a policy. We therefore conclude that such coverage can be furnished.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General